# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYDEX PHARMACEUTICALS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEMBIC GLOBAL HOLDING SA, ) <br> ALEMBIC PHARMACEUTICALS, LTD., and ) <br> ALEMBIC PHARMACEUTICALS, INC., ) <br> ) <br> Defendants. ) | C.A. No. 19-956-LPS |

## MEMORANDUM ORDER

Having reviewed Defendants' Motion to Redact Portions of the October 20, 2020 Discovery Teleconference (the "Motion") (D.I. 130), the Court DENIES the Motion. The public has an interest in understanding judicial proceedings, even if they have a limited interest in documents submitted in connection with discovery dispute proceedings. *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016). Accordingly, although there is no presumptive right of public access to discovery motions and their supporting documents, *see Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993), the public does have a right of access to hearing transcripts. *See, e.g., Newman v. Gen. Motors Corp.*, C.A. No. 02-135-KSH, 2008 WL 5451019, at *6 (D.N.J. Dec. 31, 2008); *see also In re Vitamins Antitrust Litig.*, 357 F. Supp. 2d 50, 51–52 (D.D.C. 2004).

In the Third Circuit, "[t]he party seeking the closure of a hearing or the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *9 (D.

Del. Jul. 26, 2012) (internal quotations omitted); *see also In re Avandia Mktg., Sales Practices and Prod. Liab. Litig.*, 924 F.3d 662, 672–73 (3d Cir. 2019). "Specificity in the showing of harm is essential." *Lipocine Inc. v. Clarus Therapeutics, Inc.*, C.A. No. 19-622-WCB, 2020 WL 4569473, at *3 (D. Del. Aug. 7, 2020).

In this case, Defendants have failed to meet their burden to show with specificity that disclosure of the unredacted transcript would work a "clearly defined and serious injury" upon them. Defendants argue that the transcript should be redacted because reference was made "to confidential subject matter, proposed testimony, and other information subject to the Stipulated Protective Order." (D.I. 130 ¶ 3.) Merely stating, however, that the proposed redactions contain discussions of documents marked "Confidential" or "Highly Confidential" is insufficient to support a motion to redact a transcript of a judicial proceeding. *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–510 (D. Del. 2012). And the standard for obtaining a protective order is different than that used to determine if a judicial record should be sealed. *See In re Avandia*, 924 F.3d at 675-76 (rejecting application of *Pansy* factors, which are used to determine the appropriateness of a protective order, to the sealing of a judicial record, which considers the common law right of access standard).

In addition, I have reviewed the proposed redactions, and I think it unlikely that some of the information proposed to be redacted is capable of working the kind of serious injury contemplated by the rule. For example, the proposed redactions do not contain trade secrets, scientific data, strategic plans, or financial information. Rather, most of the proposed redactions simply hide the names of members of Defendants' management team that have been noticed for deposition, but I note that the deposition notices containing those same names have been filed on the public docket. Finally, any minimal potential harm that disclosure might cause is outweighed

by the public interest in having access to judicial proceedings. *See, e.g., In re Avandia*, 924 F.3d at 672-73; *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988).

For these reasons, Defendants' Motion is DENIED. Defendants are granted leave to renew the motion within fourteen days. Any renewed motion must satisfy the legal standards set forth above.

IT IS SO ORDERED this 23rd day of November 2020.

_____
Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE